UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO DIAZ TOMAS (A-Number: 088-072-047),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-6313-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Armando Diaz Tomas was taken into ICE custody on April 8, 2026, and ordered removed on June 1, 2026. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner, a Cuban citizen, entered the United States as a lawful permanent resident on June 22, 2007. ECF No. 7-2 at 2. ICE determined in November 2025 that petitioner had a criminal conviction that made him "amenable to deportation." *Id.* ICE issued petitioner a notice to appear, and took him into custody on April 3, 2026, upon his release from state incarceration. *Id.* On June 1, 2026, an immigration judge ordered petitioner removed to Cuba. ECF No. 7-1 at 3. Appeal was waived, rendering the order final that day. *See* ECF No. 7-1 at 4; ECF No. 13-1 at

1; 8 C.F.R. § 1241.1(b). On June 2, 2026, ICE provided petitioner notice that it seeks to remove him to Mexico. ECF No. 7-6. Petitioner refused to sign that notice, as he wishes to be removed to Cuba. ECF No. 13-1 at 2.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention violates due process.[1] ECF No. 1 at 2, 7-8. Respondent filed a motion to dismiss the petition: at the time it was detaining petitioner under 8 U.S.C. § 1231(a)(2)(A), which allows respondent to hold a noncitizen for removal during the 90-day period provided in § 1231(a)(1). ECF No. 7 at 1. However, now more than 90 days have passed since the removal order, and ICE is detaining petitioner under § 1231(a)(6), which allows for detention beyond the 90-day period.

In *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), the Supreme Court considered prolonged immigration detention after a final order of removal. The Court held that although the government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

699. The Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months after the final order of removal, at which point a detainee may "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the government "must respond with evidence sufficient to rebut that showing." *Id.* at 701.

ICE is detaining petitioner within *Zadvydas*' six-month presumptively reasonable period. However, in *Zadvydas*, 533 U.S. at 702, the Supreme Court rejected a rigid application of this six-month period and confirmed that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*. at 699, 702. "[T]he government is not guaranteed the right to hold a noncitizen for at least six months." *Rizo v. Bondi*, No. 2:26-cv-0421-MMD-EJY, 2026 WL 1180266, at *2 (D. Nev. Apr. 30, 2026), *reconsideration denied,* 2026 WL 1197245 (D. Nev. May 1, 2026); *see also Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption . . . not a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.").

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-2567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026); *Douglas v. Baker*, No. 25-cv-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025). I find that the evidence before me shows that petitioner is not being held in custody with a significant likelihood of removal in the reasonably foreseeable future.

The day after an immigration judge ordered petitioner removed to Cuba, ICE notified him that it instead sought his consent to send him to Mexico. ECF No. 7-6. Petitioner did not consent. *Id.*; ECF No. 13-1 at 2. This posture rebuts the presumption that ICE will be able to remove petitioner to Cuba in compliance with the removal order.[2]

Regarding ICE's desire to remove petitioner to Mexico, respondent cites no law requiring that petitioner consent to be removed to a country to which he has not been ordered removed and that will only take him if he consents. Rather, as one district court observed, "[r]espondents may not rely on petitioner's refusal to go along with their improper efforts to remove him to a third country as a basis for denying him habeas relief." *See Boza-Rosales v. Blanche*, 833 F. Supp. 3d 1174, 1178 (W.D. Wash. May 15, 2026); *see also Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026).

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful. *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, *2 (E.D. Cal. May 18, 2026); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026). I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. Respondent's motion to dismiss, ECF No. 7, be DENIED.
3. Respondent be ordered to immediately release petitioner (A-Number: 088-072-047)

[2] There exist a large number of similar habeas cases in which ICE has sought to remove detainees to Mexico because Cuba refuses to accept them. *See, e.g.*, *Hernandez Betancourt v. Dep't of Homeland Sec.*, No. 1:26-cv-4501-DAD-JDP, 2026 WL 2280948 (E.D. Cal. Aug. 7, 2026); *Torres Cruz v. Chestnut*, No. 1:26-cv-4690-DAD-SCR, 2026 WL 2057108 (E.D. Cal. July 16, 2026); *Palmer-Sardinas v. Chestnut*, No. 1:26-cv-3520-DC-SCR, 2026 WL 2043395 (E.D. Cal. July 15, 2026), *report and recommendation adopted*, 2026 WL 2216044 (E.D. Cal. July 31, 2026).

from its custody subject to the previously-imposed conditions of release, if any.

4. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE