UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO DIAZ TOMAS (A-088-072-047),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06313-DC-JDP (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

(Doc. Nos. 7, 14)

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**BACKGROUND**

On August 10, 2026, Petitioner filed this petition seeking relief under the Fourth Amendment of the U.S. Constitution, Fifth Amendment of the U.S. Constitution, and the Accardi Doctrine. (*Id.*) Petitioner challenges his continued detention without a bond hearing and seeks immediate release. (*Id.*) On August 20, 2026, Respondents filed a motion to dismiss this case on the ground that, at that time, Petitioner was within the mandatory 90-day removal period pursuant to an order of removal that became administratively final on June 1, 2026. (Doc. No. 7.) On September 16, 2026, Petitioner filed a reply in which he argues that there is a substantial question

as to whether there is a significant likelihood of removal in the reasonably foreseeable future because: (1) he has not yet been removed; (2) he has not been provided with a removal date; and (3) on June 2, 2026, the day after he was ordered removed, the government provided him with a notice concerning removal to Mexico, which Petitioner refused to sign because he wants to be removed to Cuba, his home country. (Doc. Nos. 13, 13-1.)

On September 21, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 14.) The magistrate judge found that Petitioner has been detained for a prolonged period of time pursuant to the administratively final order of removal and that removal is not reasonably foreseeable, and recommended that Respondents be ordered to release Petitioner from custody. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (*Id.*) On September 24, 2026, Respondents "generally" objected to the findings and recommendations "for the reasons stated in [their] prior pleadings." (Doc. No. 15.)

**DISCUSSION**

In reviewing findings and recommendations, the court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The undersigned declines to adopt the findings and recommendations and will order that the petition for a writ of habeas corpus be dismissed.

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). The Supreme Court examined the constitutional limits of detention under § 1231(a) in *Zadvydas v. Davis*, describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]" 533 U.S. at 692 (2001). In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six-month period of detention. *Id.* at 701. However, if a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The undersigned is not persuaded that Petitioner has "provide[d] a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The decisions cited by the magistrate judge as support for finding that Petitioner made a sufficient showing are distinguishable because, unlike the petitioners in those cases, Petitioner was not re-detained pursuant to an earlier removal order, Petitioner has not made a showing that the government has previously tried and been unable to remove him to his home country, Petitioner has not been granted withholding of removal, Petitioner's total detention time pursuant to his removal order is still within the presumptively reasonable period of detention recognized by the Supreme Court in *Zadvydas*, and Petitioner neither argues nor provides evidence that the government continues to attempt to remove him to an impermissible third country or that there are logistical issues regarding his removal to Cuba. *Cf. Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-02567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026) (finding that the petitioner met his burden to show there was no significant likelihood of removal in the reasonably foreseeable future where: (1) the government had previously detained him for at least a few months in an effort to effectuate his removal but ultimately released him after he was granted withholding of removal to his home country; (2) the petitioner had been detained no fewer than seven months total between the government's earlier and present efforts to remove him; and (3) at the time of his present detention the petitioner still could not be removed to his home country).

The undersigned finds that Petitioner's ongoing detention of four-and-a-half months pursuant to a final order of removal coupled with the government's single attempt to remove him to a third country, without more, do not provide a sufficient basis for this court to find that there is no significant likelihood of removal in the reasonably foreseeable future such that the burden was shifted to the government to prove otherwise. *See Zadvydas*, 533 U.S. at 701. Therefore, Petitioner is not currently entitled to the requested relief, and his petition will be dismissed without prejudice.

/////

Accordingly,

1. The undersigned DECLINES TO ADOPT the findings and recommendations filed September 21, 2026 (Doc. No. 14);
2. Respondents' Motion to Dismiss (Doc. No. 7) is GRANTED;
3. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is DISMISSED without prejudice;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dena Coggins
United States District Judge